IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN J. GONZALES,

    Plaintiff,

v.                                                                                              No. CIV 25-1102 JB/GJF

DUANE LEE CHAPMAN, BETH CHAPMAN,
LELAND BLANE CHAPMAN, DOG
CORPORATION, AND A&E NETWORK,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: Plaintiff Ruben J. Gonzales' failure to prosecute his Amended Complaint for Violation of Civil Rights (Prisoner Complaint), filed November 26, 2025 (Doc.5)("Amended Complaint"). The Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court, District of New Mexico, recently directed Gonzales to confirm his current address or show cause why the Amended Complaint should not be dismissed for severing contact with the Court. See Order to Show Cause, filed January 8, 2026 (Doc. 10)("OSC"). Because Gonzales failed to comply, and having reviewed applicable law and the record, the Court will dismiss the Amended Complaint without prejudice.

**BACKGROUND**

This case arises from Gonzales' interactions with television personality "Dog the Bounty Hunter." See Amended Complaint at 3. The Amended Complaint alleges that Duane "Dog" Chapman and his associates apprehended Gonzales as part of their television series about working as a bounty hunter. See Amended Complaint at 4-6. The Court referred this matter to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed May 21, 2024 (Doc. 2).

After Gonzales filed this case, the United States Post Office ("USPS") returned several mailings as undeliverable.  See Returned Mailing Envelopes, filed December 8, 2025 (Docs. 6, 7); Returned Mailing Envelope, filed December 9, 2025 (Doc. 8); and Returned Mailing Envelopes, filed January 2, 2026 (Doc. 9).   Magistrate Judge Fouratt fixed a deadline of February 9, 2026 for Gonzales to confirm his address in writing or show cause why this action should not be dismissed.  See OSC at 1; see also D.N.M. Local Civil Rule 83.6 ("All … parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses.").   The OSC warns that the failure to timely comply may result in dismissal of this case without further notice.  See OSC at 1.

Gonzales did not update his address by the deadline, show cause for such failure, or otherwise respond to the OSC, which the USPS also returned as undeliverable.  See Returned Mailing Envelope, filed January 29, 2026 (Doc. 11).   The Court will therefore consider whether to dismiss this matter for lack of prosecution and failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b); see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).   As the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation ...."  See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss,

the Rule has long been interpreted to permit courts to dismiss actions <u>sua</u> <u>sponte</u> for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." <u>Davis v. Miller</u>, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d 1158, 1162 (10th Cir. 2016)("<u>Nasious</u>"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy – the death penalty of pleading punishments – [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." <u>Nasious</u>, 492 F.3d at 1162. Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." <u>Nasious</u>, 492 F.3d at 1162.

Here, Gonzales failed to confirm his address in writing, as the OSC and D.N.M. LR-Civ. 83.6 require. In light of this failure, the Court will dismiss this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. <u>See</u> <u>Olsen v. Mapes</u>, 333 F.3d 1199 at 1204. The dismissal will be without prejudice to refiling, after considering the factors in <u>Nasious</u>. The Court will also deny as moot Plaintiff's pending Motion to Serve All Defendants By U.S. Marshal, filed November 25, 2025 (Doc. 3) and his Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed November 26, 2025 (Doc. 4).

- 4 -

**IT IS ORDERED** that: (i) Plaintiff Ruben J. Gonzales' Amended Complaint for Violation of Civil Rights (Prisoner Complaint), filed November 26, 2025 (Doc. 5) is dismissed without prejudice; (ii) the Court denies as moot Plaintiff's Motion to Serve All Defendants By U.S. Marshal, filed November 25, 2025 (Doc. 3) and his Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed November 26, 2025 (Doc. 4); and (iii) the Court will enter a separate judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Pro Se Plaintiff:*

Ruben J. Gonzales

- 4 -